IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

CASEY G. PRASHAW; and LINDSEY
R. PRASHAW,

           Plaintiffs,

v.                                        Civil Action No. 8:20-CV-0778 (MAD/CFH)

TITAN MINING CORPORATION; EMPIRE
STATE MINES, LLC; ST. LAWRENCE ZINC
COMPANY, LLC; G.L. TILEY & ASSOCIATES,
LTD; ROTESCO, INC. and ABC ENTITIES 1-5.

           Defendants.

## NOTICE OF REMOVAL

Without waiving any available defenses, including those based on jurisdiction and including those pursuant to Federal Rule of Civil Procedure 12, Defendants Titan Mining Corporation ("Titan"), Empire State Mines, LLC ("Empire"), and St. Lawrence Zinc Company, LLC ("St. Lawrence") (collectively "Defendants") hereby remove this action from the Supreme Court of St. Lawrence County, New York, to the United States District Court for the Northern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Defendants state as follows:

### I. INTRODUCTION

1.     Plaintiffs Casey G. Prashaw and Lindsey R. Prashaw filed their Complaint on March 6, 2020, in the Supreme Court of St. Lawrence County, New York, Index No. EFVC-20-157752. A true and correct copy of the Complaint is attached hereto as **Exhibit A**. Defendants accepted service of the Summons and Complaint on May 15, 2020, through their counsel, and were granted a sixty (60) day extension to respond as service could not be completed due to

{H4045989.1}

COVID-19 pandemic restrictions. A true and correct copy of the acknowledgement of acceptance of service and extension is attached hereto as **Exhibit B.**

## II. NOTICE OF REMOVAL IS TIMELY

2.   This Notice is filed prior to the filing of any responsive pleading(s) on behalf of Defendants in the Supreme Court of St. Lawrence County, New York.

3.   Removal of this action is timely pursuant to 28 U.S.C. Code § 1446(b)(3) as this *Notice of Removal* has been filed within thirty (30) days of receipt of the *Notice of Voluntary Discontinuance as Against Defendant Vanderbilt Minerals, LLC,* attached as **Exhibit C**. Plaintiffs originally had alleged that Vanderbilt Minerals was registered with the New York State Department of Corporations as a foreign corporation authorized to do business in New York with a principal office at 1837 New York State Route 812, Gouverneur, New York 13642, in the County of St. Lawrence and so, as alleged, would have been considered a citizen of New York. **Exh. A**, ¶¶ 12, 13; *see* 28 U.S.C. § 1332(c)(1).

4.   This Notice is filed within one (1) year of the commencement of this action and so, is proper and timely pursuant to 28 U.S.C. § 1446(c)(1).

## III. THIS COURT HAS DIVERSITY JURISDICTION

5.   This suit is an action over which this Court would have original jurisdiction under the provisions of 28 U.S.C. § 1332, and therefore, one that may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446. Removal under § 1441 is appropriate when complete diversity of citizenship exists between plaintiffs and all defendants and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

6.   This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because no current defendant is a citizen of New York and the amount in controversy exceeds $75,000.00,

exclusive of interest and costs.

7.     Defendants Rotesco, Inc. and G.L. Tiley & Associates, LTD, do not object to removal of this action and have provided their express consent to its removal. Defendant Vanderbilt Minerals, LLC has been dismissed from this action. *See* **Exh. C**.

A.  **There is Complete Diversity of Citizenship Between Plaintiffs and All Current Defendants.**

8.     Plaintiffs are residents of and domiciled in the County of Lewis, New York and are thus citizens of the State of New York. *See* **Exh. A**, ¶¶ 1, 2.

9.     Titan is a foreign, Canadian corporation duly organized under the laws of Canada with its principal place of business in Vancouver, British Colombia. *See* **Exh. A**, ¶ 4. Therefore, Titan is a citizen of Canada. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State and foreign state where it has its principal place of business . . .").

10.    Empire is a foreign limited liability company duly organized under the laws of Delaware. *See* **Exh. A**, ¶¶ 6, 7. Its sole member-manager is Titan. Therefore, Empire is a citizen of Canada. *See Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (LLCs adopt the citizenship of their members).

11.    St. Lawrence is a foreign limited liability company duly organized under the laws of Delaware. *See* **Exh. A**, ¶¶ 9, 10. Its sole member-manager is Titan. Therefore, St. Lawrence is a citizen of Canada. *See Bayerische Landesbank, New York Branch*, 692 F.3d at 49.

12.    Defendant Rotesco, Inc. is a foreign, Canadian corporation duly organized under the laws of Canada with its principal place of business in Scarborough, Ontario, Canada. *See* **Exh. A**, ¶ 15. Therefore, Defendant Rotesco is a citizen of Canada. 28 U.S.C. § 1332(c)(1).

13.    Defendant G.L. Tiley & Associates, Ltd. is a foreign, Canadian corporation duly

organized under the laws of Canada with its principal place of business in Flamborough, Ontario, Canada. *See* **Exh. A**, ¶ 14. Therefore, Defendant G.L. Tiley & Associates, Ltd. is a citizen of Canada. 28 U.S.C. § 1332(c)(1).

14.     Accordingly, this action involves "citizens of different States." *See* 28 U.S.C. § 1332(a)(1)–(2). Because Plaintiffs are New York citizens and no current defendant is a citizen of the State of New York, removal of this action is proper under 28 U.S.C. § 1441(b).

**B.     The Amount in Controversy Exceeds Seventy-Five Thousand Dollars ($75,000.00).**

15.     The amount in controversy in this case exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. A defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). *See, e.g., Ford-Smith v. HMS Host Corp.*, 2020 WL 1242394 (N.D.N.Y. 2020); *See Juarbe v. Kmart Corp.*, 05-CV-1138, 2005 WL 1994010, at *2 (S.D.N.Y. Aug. 17, 2005) (finding that Plaintiff's allegations of severe and serious personal injuries to mind and body, as well as the believed permanency of her injuries "indicate a likelihood that the $75,000 threshold will be met"); *accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (noting that the court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy").

16.     Plaintiffs' allegations make clear that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). Plaintiff Casey G. Prashaw alleges that he was injured in an underground mine elevator owned, operated, and/or maintained by the Defendants and "[a]s a direct and proximate result . . . Plaintiff Casey G. Prashaw has suffered severe personal injuries,

he has experienced conscious pain and suffering, and he has incurred pecuniary damages, all to his detriment." *See* **Exh. A**, ¶ 59. He further alleges that he is entitled a "substantial sum of money, to be awarded by a jury of his peers" *See* **Exh. A**, ¶¶ 59, 60.

17. Accordingly, it is facially apparent that the amount in controversy of Plaintiff Casey R. Prashaw's claims exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. *See* 28 U.S.C. § 1332.

18. Plaintiff Lindsey R. Prashaw alleges that, as a result of the injuries that her husband, Plaintiff Casey G. Prashaw, suffered caused by the Defendants' actions, she has suffered a "los[s] of consortium, affection and services of her husband, and she has otherwise been caused to sustain damages." *See* **Exh. A**, ¶ 112.

19. Accordingly, Plaintiff Lindsey R. Prashaw's claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" and Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367 is proper.

20. Therefore, all requirements for diversity jurisdiction are met and Removal to the Northern District of New York is proper.

## IV. PROCEDURAL COMPLIANCE

21. In accordance with 28 U.S.C. § 1446(a), attached to this Notice is a completed civil cover sheet and the following Exhibits:

| | | |
|---|---|---|
| EXHIBIT A: | A true and correct copy of plaintiffs' Original Complaint; | |
| EXHIBIT B: | A true and correct copy of all process, pleadings, and orders served on Defendants; | |
| EXHIBIT C: | A true and correct copy of the Notice of Discontinuance served on Defendants; | |

EXHIBIT D:  A true and correct copy of the Supreme Court Docket Sheet; and

EXHIBIT E:  A true and correct copy of Defendants' Notice to the Supreme Court of St. Lawrence County of this removal.

22. Pursuant to 28 U.S.C. § 129(b), the U.S. District Court for the Northern District of New York is the federal judicial district encompassing the Supreme Court of St. Lawrence County, New York, where this suit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

23. All properly joined and served Defendants consent to this Notice of Removal.

24. No previous application has been made for the relief requested herein.

25. Written notice of the filing of this Notice of Removal is being served on plaintiffs through their counsel of record, and a copy of this Notice of Removal will be promptly filed with the Clerk of the Supreme Court of St. Lawrence County, New York. *See* 28 U.S.C. § 1446(d).

## V. CONCLUSION

26. There is complete diversity between plaintiffs and all Defendants and the amount in controversy requirement is satisfied. As a result, this Court has jurisdiction over this action.

## VI. JURY DEMAND

27. A trial by jury in this action on all issues is demanded.

WHEREFORE, Defendants give notice that the matter styled *Casey G. Prashaw and Lindsey R. Prashaw v. Titan Mining Corporation, Empire State Mines, LLC, St. Lawrence Zinc Company, LLC, Vanderbilt Minerals, LLC, G.L. Tiley & Associates, Ltd., Rotesco, Inc., and ABC Entities 1-5*, filed in the Supreme Court of St. Lawrence County, New York, is removed to the United States District Court for the Northern District of New York.

Dated: July 20, 2020.

TITAN MINING CORPORATION,
EMPIRE STATE MINES, LLC, and ST.
LAWRENCE ZINC COMPANY, LLC,
By Counsel.

*/s/ John L. Murad, Jr.*

John L. Murad, Jr., Esq.
**Hancock Estabrook, LLP**
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202
Telephone: (315) 565-4543
jmurad@hancocklaw.com

Bernard S. Vallejos, Esq. (*pro hac vice* admission pending)
Michael J. Farrell, Esq. (*pro hac vice* admission pending)
**FARRELL, WHITE & LEGG PLLC**
914 5th Avenue, P.O. Box 6457
Huntington, WV 25772-6457
Telephone:   (304) 522-9100
Facsimile:    (304) 522-9162
mjf@farrell3.com; bsv@farrell3.com

*Counsel for Titan Mining Corporation, Empire State Mines, LLC, and St. Lawrence Zinc Company, LLC*